# United States Court of Appeals
## For the First Circuit

No. 08-2048

JUAN CARLOS LASALLE-CONCEPCIÓN; LIZETTE DE LA CRUZ-LÓPEZ;
CONJUGAL PARTNERSHIP LASALLE-DE LA CRUZ; SAMUEL ANTONIO VÉLEZ-
LUGO; ELBA IRIS MÉNDEZ-JIMENEZ; CONJUGAL PARTNERSHIP VÉLEZ-MÉNDEZ,

Plaintiffs, Appellants,

v.

PEDRO TOLEDO-DÁVILA, COMMONWEALTH OF PUERTO RICO POLICE
DEPARTMENT; JOHN DOE; JANE ROE,

Defendants, Appellees.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

[Hon. José Antonio Fusté, U.S. District Judge]

Before

Lynch, Chief Judge,
Farris[*] and Boudin, Circuit Judges.

Heriberto Güivas-Lorenzo and Güivas & Quiñones Law Offices,
PSC on brief for appellants.
Irene S. Soroeta-Kodesh, Solicitor General, Ileana Oliver
Falero, Acting Solicitor General, and Susana I. Peñagarícano-Brown
on brief for appellees.

June 18, 2009

---

[*]Of the Ninth Circuit, sitting by designation.

**Per Curiam**.   Juan Carlos Lasalle-Concepcion and Samuel Antonio Velez-Lugo both suffered work-related injuries during their service as police officers with the Puerto Rico Police Department ("the Department").   Both received medical treatment for roughly six months to a year during the period 1996-1998.   In 1999 the Department notified each of the men that his employment had been terminated because of his medical condition.

The officers then pursued administrative remedies and the Board of Appeals of the Personnel System Administration ("the Board") ruled in their favor.   The Department promptly sought judicial review, and the Puerto Rico Court of Appeals overturned the Board, leaving the original terminations in force.   In 2001, the Department's Medical Board certified each man as capable of returning to work; the Department's superintendent requested reevaluation and in 2004 got the same result.

The two officers then filed this suit in federal district court, pursuant to 42 U.S.C. §§ 1983 and 1988 (2000), against the Puerto Rico Police Department and its former superintendent, arguing inter alia that the failure to reinstate them as police officers violated their due process rights under the Fourteenth Amendment.[1]   The district court dismissed the suit, holding that

--------

[1]Lasalle-Concepcion and Velez-Lugo were joined by their spouses as plaintiffs and also alleged civil rights violations under the Fourth, Fifth, Ninth and Tenth Amendments, but then deserted these claims in their opposition to the motion to dismiss.

plaintiffs had no protected property interest in reinstatement under Puerto Rico law. The plaintiffs now appeal.

"Under the Due Process Clause of the Fourteenth Amendment, persons who possess a property interest in continued public employment cannot be deprived of that interest without due process of law." Figueroa-Serrano v. Ramos-Alverio, 221 F.3d 1, 5 (1st Cir. 2000). For this purpose, the Supreme Court looks to state law to determine the existence and dimensions of such an interest. Bd. of Regents of State Colleges v. Roth, 408 U.S. 564, 577 (1972). Subtleties may exist but they are not presented in this case.

The officers concede in their complaint that they were permissibly terminated in 1999, P.R. Laws Ann. tit. 25, § 3117 (2006), but they assert a property right and legal expectation under state law in reinstatement as officers once their disabilities were resolved and the Medical Board certified them as capable of resuming their work. Plaintiffs cite Article 18 of Puerto Rico Law 53 as the source of this purported property interest.

By its terms, Article 18 does not impose upon the police department any such obligation. It merely recognizes that the police department has discretion to decide whether an officer should be reinstated: "Should the physical or mental disability disappear, said member of the Force may be reinstated to service

upon certification of the Medical Evaluation Board." P.R. Laws Ann. tit. 25, § 3117(b)(1) (2006). Whether or not the superintendent proposed to defer to the Medical Board, the statute created no property right.

By contrast, another Puerto Rico statute does create a limited right of reinstatement for an employee who recovers after sustaining an injury on the job. Workmen's Accident Compensation Act, P.R. Laws Ann. tit. 11, § 7 (2006) ("[T]he employer shall be under the obligation to reserve the job filled by the laborer or employee at the time the accident occurred . . . ."). The contrast with Article 18's phrasing ("may" be reinstated) underscores the lack of an entitlement in Article 18.

The Workmen's Accident Compensation Act does not apply to the officers in this case because it includes requirements as to the timing of an application for reinstatement that were seemingly not met and cannot be met now. 11 L.P.R.A. § 7; Toro Cruz v. Policia de Puerto Rico, 159 P.R. Dec. 339 (2003). The details need not be discussed because that statute has not been invoked by the officers in this court.

Affirmed.